UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
IDEMA, et al.,                                :
                                              :
                    Petitioners,              :       **ORDER DENYING MOTION**
                                              :       **TO DISMISS AND**
          -against-                           :       **TRANSFERRING VENUE**
                                              :
RICE, et al.,                                 :
                                              :       05 Civ. 2947 (AKH)
                    Respondents.              :
-------------------------------------------------------x

ALVIN K. HELLERSTEIN, U.S.D.J.:

          Petitioners, who claim to be three United States citizens and an Afghan national

arrested in Afghanistan in July 2004, and incarcerated there currently, have filed a

petition for habeas corpus pursuant to 28 U.S.C. § 2241.  Respondents have filed a

motion to dismiss the petition for lack of territorial jurisdiction over respondents.  See

Rumsfeld v. Padilla, 124 S. Ct. 2711, 2722-27 (2004).  The Supreme Court, in Padilla,

focused on two requirements of habeas jurisdiction:  that the petition name the proper

respondent and that the district court have jurisdiction over that respondent.  Id. at 2717.

In addressing those requirements, the Court reaffirmed, respectively, the immediate

custodian rule and the district of confinement rule.  Id. at 2721-22.  As to the latter rule,

however, the Court noted that "we have…relaxed the district of confinement rule when

'Americans [sic] citizens confined overseas (and thus outside the territory of any district

court) have sought relief in habeas corpus.'  In such cases, we have allowed the petitioner

to name as respondent a supervisory official and file the petition in the district where the

respondent resides."  Id. at 2725 n.16 (citations omitted).

Section 1406(a) of Title 28 gives the district court discretion to transfer a case from a district where venue is improper to a district where venue is proper in the interest of justice. This statute has been applied to habeas cases. See, e.g., Gherebi v. Bush, 374 F.3d 727, 739 (9th Cir. 2004); see also Diallo v. Holmes, 288 F. Supp. 2d 442 (S.D.N.Y. 2003) (Koeltl, J.) (transferring, pre-Padilla, petition under 28 U.S.C. § 2241 that challenged detention by Bureau of Immigration and Customs Enforcement).

Gherebi involved a habeas petition filed by a foreign national detained at Guantanamo Bay. Following a vacating of its judgment and order of remand in light of Padilla, see Bush v. Gherebi, 124 S. Ct. 2932 (2004), the Ninth Circuit transferred the case to the District of Columbia. The Court of Appeals, relying on the "relaxed" rule quoted above, and applying it equally to alien detainees at Guantanamo, held that "[w]e do not read either Padilla or Rasul [v. Bush, 124 S. Ct. 2686 (2004)] as precluding us from exercising jurisdiction in this matter and transferring the proceedings to the appropriate forum. It appears to us that the proper venue for this proceeding is in the District of Columbia." Gherebi, 374 F.3d at 739 (citations omitted).

In the case before me, respondents state in their brief that "the United States District Court for the District of Columbia is the only district court with territorial jurisdiction over these Respondents for purposes of this habeas petition." Br. of Resp'ts, at 2. I hold that it would be inefficient to dismiss the case in these circumstances, for it could easily be started again in the District of Columbia. That district court is the most appropriate forum to examine the petition and to hear the jurisdictional objections raised by respondents in their motion, including the argument, reserved therein, that petitioners have failed to name proper respondents in this case.

Accordingly, I hereby deny respondents' motion without prejudice, and order that this case be transferred to the United States District Court for the District of Columbia. 28 U.S.C. § 1406(a); see also Padilla, 124 S. Ct. at 2717 n.7 (remarking that the word jurisdiction "is capable of different interpretations" and that the Court is using it "in the sense that it is used in the habeas statute, 28 U.S.C. § 2241(a), and not in the sense of subject-matter jurisdiction of the District Court").

The clerk of the court shall transfer this case to the United States District Court for the District of Columbia for further proceedings.

SO ORDERED.

Dated:      New York, New York
            May 19, 2005

                                    _____
                                    ALVIN K. HELLERSTEIN
                                    United States District Judge